Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5829 | **DATE** | 9/10/2012 |
| **CASE TITLE** | Joel B. Bryant (R-45831) v. Paul Kaupas, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [9] is granted. The trust fund officer at Plaintiff's place of confinement is authorized make deductions from Plaintiff's prison trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Western Illinois Correctional Center and shall issue summons for service of the complaint by the U.S. Marshal on the Defendants, except for Sheriff Paul Kaupas and Warden Michael O'Leary, who are dismissed from this case. The clerk shall also forward to Plaintiff a consent form to proceed before a Magistrate Judge and instructions as to how to file documents in this case.

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

Plaintiff Joel Bryant, currently incarcerated at the Western Illinois Correctional Center, has filed this 42 U.S.C. § 1983 civil rights action against Will County Sheriff Paul Kaupas, Chief Deputy Michael O'Leary, Nurse Kim, and eight emergency response team officers. Plaintiff alleges that in August 2010 he was brought to the Will County Jail with a head wound sustained during his arrest. He was placed in a padded cell. Eight Emergency Response Team ("ERT")officers allegedly refused his repeated requests for medical attention, refused to provide him with toilet paper, and taunted him by threatening to shock him with a taser and ordering him to lick the cell's feces-covered walls. Nurse Kim, with the aid of officers, injected Plaintiff with an unknown drug, causing him to fall asleep on the cell floor.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP") and he has submitted a completed IFP application in accordance with the Court's August 2, 2012, order.

Plaintiff's current IFP application reveals that he cannot pre-pay the $350 filing fee or an initial partial filing fee. The Court grants the motion and waives payment of an initial partial filing fee. The trust fund officer Plaintiff's place of confinement shall collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain obligated for this filing fee and Western Illinois officials shall notify transferee authorities of any outstanding balance in the even Plaintiff is transferred.

Preliminary review of the complaint and the above-described allegations, *see* 28 U.S.C. § 1915A, indicates that Plaintiff has stated claims against Nurse Kim and the eight Emergency Response Team officers. *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (setting out the standard for a deliberate indifference claim); *Smith v. Knox County Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012) (jail officers' ignoring of an inmate's injuries can constitute deliberate indifference); *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 685 (7th Cir. 2012) (procedural protections may apply before an inmate can be forcibly medicated). However, Plaintiff asserts no allegations against Sheriff Paul Kaupas or Warden Michael O'Leary. Accordingly, Plaintiff may proceed with his claims against Nurse Kim and the ERT officers, but his claims against Kaupas and O'Leary are dismissed.

isk

| STATEMENT (continued) |
|---|

     The clerk shall issue summonses for service of the complaint on Defendants Nurse Kim and Will County ERT Officers Olino, Hoch, Brooks, Bishop-Green, Owens, Carter, Calderon, and Hannigan. Any forms necessary for the Marshal to serve these Defendants shall be forwarded to Plaintiff. His failure to return the forms may result in the dismissal of the Defendants. With respect to former employees who no longer can be found at the work address provided by Plaintiff, officials at Will County Jail shall provide the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service, or to show proof of service and documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waiver, the Marshal shall attempt to serve Defendants with personal service.

     Plaintiff is instructed to file all future papers concerning this case with the Clerk of Court in care of Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. Also, he must send an exact copy of any court filing to Defendants, or their attorney once one enters an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the Plaintiff unfiled.